IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN TARVER, AS ADMINISTRATOR OF THE ESTATE OF DARIUS TARVER, DECEASED, <br>    PLAINTIFF <br><br> V. <br><br> THE CITY OF DENTON, TEXAS, AND JOHN DOES 1-4 <br>    DEFENDANTS | § § § § § § § § § § § | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Kevin Tarver, as Administrator of the Estate of Darius Tarver, files his Complaint against Defendants The City of Denton, Texas and John Does 1-4. Plaintiff respectfully shows the Court the following:

1. On January 21, 2020, Darius Tarver was tased and then subsequently shot and killed by John Does 1-4, Denton, Texas police officers.

2. Plaintiff brings this action against Defendant Denton and Defendant Does, for Does' use of excessive and deadly force on Darius Tarver.

3. Decedent Darius Tarver was a college student who had recently suffered a head trauma. He was unmarried at the time of his death, and he had no children. He is survived by his mother and father

4. Plaintiff Kevin Tarver brings this action under Texas's wrongful death and survivorship statutes.

5. Plaintiff alleges that the City of Denton, Texas, failed to properly train, supervise, screen, discipline, transfer, counsel, or otherwise properly equip and control officers, including those the City knew or should have known to engage in the use of excessive force and/or deadly force.

6. The City had a duty to respect Plaintiff's constitutional rights, but it failed to implement and/or enforce training, policies, practices, and procedures for the Denton Police Department that did so.

7. Defendant City's failure to adequately supervise, discipline, and train Defendant Does, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies caused Plaintiff's unwarranted and excruciating physical and mental anguish and death.

8. Police Chief Frank Dixon and/or Councilmembers Hudspeth, Byrd, Beck, Davis, Maguire, Armintor, and Meltzer are policymakers for the City of Denton and were aware of the failures of the City and the likelihood that these failures would result in the violation of the constitutional rights of inhabitants, but they failed to take any steps to rectify these failures.

9. For these civil rights violations and other causes of action below, Plaintiff seeks redress and compensation for damages and the wrongful death of Darius Tarver.

**PARTIES**

10. Plaintiff Kevin Tarver is the administrator of the Estate of Darius Tarver and an adult resident of the state of Texas.

11.     Defendant John Doe was at all relevant times a police officer with the Denton Police Department.

12.     Defendant Denton, Texas, is a municipality duly organized and existing under the laws of the state of Texas. Defendant Denton, Texas, is responsible for the funding, budget, policies, operation, and oversight of the Denton Police Department. The Denton Police Department is also responsible for preventive, investigative, and enforcement services for all citizens of Denton. Defendant Denton, Texas, may be served at the Office of the City Attorney, 601 E. Hickory St. Denton, TX 76205.

### JURISDICTION AND VENUE

13.     Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs brings this action pursuant to 42 U.S.C. § 1983 to redress a deprivation of Decedent Darius Tarver's Fourth Amendment rights. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

14.     Venue is proper in this Honorable Court because Defendants' constitutional violations, intentional torts, and otherwise violative conduct occurred within the Eastern District of Texas.

### THE DEATH OF DARIUS TARVER

15.     Darius Tarver was 23 years old and enrolled as a student at the University of North Texas.

16.     In the days leading up to his death, Darius was involved in a motor vehicle accident which resulted in a head injury and a trip to the hospital.

17.     Following his release from the hospital, Darius began acting strangely and saying things that did not make sense.

18.     In the early morning hours of January 21, 2020, Darius's conditioned deteriorated.

19.     In order to get medical assistance for Darius, his roommate called 911 and asked for help.

20.     John Does 1-4 were dispatched by the Denton Police Department to respond to Darius' apartment at The Forum, 201 Inman Street, Denton, Texas.

21.     Upon arrival, John Does 1-4 encountered Darius as he was descending an external stairwell.

22.     Darius was holding a frying pan in his left hand. His right hand was empty.

23.     Darius was speaking incoherently about God.

24.     Darius slowly descended the steps as John Does 1-4 yelled at him.

25.     Darius did not respond to the officers and continued muttering incoherently.

26.     Darius stopped at the bottom of the staircase, more than 15 feet from the nearest officer.

27.     Once reaching the bottom of the stairs, Darius stood stationary for 28 seconds with his arms at his side and fully visible to John Does 1-4.

28.     Darius did not move towards an officer, nor did he threaten any officer.

29.     Nonetheless, after 28 seconds John Doe 1 fired his taser at Darius

without reason or warning.

30. The taser prongs struck Darius in the chest causing him to begin involuntarily convulsing and jumping around.

31. As Darius was convulsing, John Doe 2 discharged his firearm, striking Darius and causing him to fall to the ground.

32. While Darius lay writhing on the ground, an officer kicked a knife that had fallen from his pants away and under a car.

33. In a fit of fear and panic, Darius got up off the ground and was immediately tased again.

34. Darius then tried to resist the unlawful assault by Does 1-4 and was shot at least twice more by Does 1-4.

35. As a result of the unprovoked assault by Does 1-4, Darius Tarver died at the age of 23.

## FAILURES OF THE DENTON POLICE DEPARTMENT

36. The Denton Police Department has displayed a consistent and systematic failure to address the continued use of excessive force against black people.

37. In particular, the Denton Police Department has failed to properly train its officers that they may not fire their taser at an individual who is no threat to the officers or others.

38. This training failure was previously brought to the attention of Denton policymakers in the lawsuit filed by Melvin Earl Williams, Jr. *Williams v. City of*

*Denton, et al.;* E.D. Tex. No.: 4:17-cv-00811.

39. In November of 2015, Mr. Williams was tasered in the eye by Denton Officer McDonough while he was already handcuffed and was not a threat to any officer or bystander.

40. He filed his lawsuit against the City in 2017, putting the City's policymakers on notice of the "unlawful use of a taser by police officers" and the "deliberate indifference of the City in failing to adequately train, supervise and discipline police officers."

41. The unnecessary use of force by Doe Defendants is the result of Denton's continued failure to properly train its officers on when they may lawfully use their taser and the conditions in which they may legally use force.

42. Defendant's policymakers were on notice of these failures and took no steps to rectify the shortcomings.

## WRONGFUL DEATH ACTION

43. Plaintiff Kevin Tarver, as Administrator of the Estate of Darius Tarver, deceased, hereby brings these claims pursuant to the Texas Wrongful Death Statute, Texas Civil Practice & Remedies Code § 71.004, on behalf of Darius mother and father and those persons entitled by law to recover damages as a result of the wrongful death of Darius Tarver.

44. No other action has been brought to recover for Darius Tarver's death under the aforementioned statute(s).

45. Plaintiff claims all available damages under the Texas Wrongful Death

Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contributions and the Plaintiff's decedent, Darius Tarver, would have rendered to the wrongful death beneficiaries but for his traumatic, untimely and unnatural death occurring as a result of the unlawful shooting which is subject to the present litigation.

46. Plaintiff claims damages for all medical bills and/or expenses.

47. Plaintiff claims damages for payment of funeral and burial expenses.

### SURVIVAL ACTION

48. Plaintiff also brings his claims as a Survival Action under Texas Civil Practice & Remedies Code § 71.021, for all damages recoverable under the Statute, including but not limited to past and future loss of income, pain and suffering, and mental anguish from the initiation of Defendant Does' unlawful assault until Decedent's death.

### COUNT I: FOURTH AMENDMENT VIOLATION
### AGAINST DEFENDANT JOHN DOES 1-4

49. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

50. Plaintiff would show that Defendant Does failed to act as an objectively reasonable officer would have acted in the same or similar circumstances. That is, Defendant Does, without justification and the need to do so, tased the unarmed and noncombative Tarver and then repeatedly shot him, resulting in his death.

51. Defendant Does excessive and deadly force was not objectively reasonable or justified, nor was it necessary under the circumstances.

52. Plaintiff would show that Defendant Does denied Tarver of his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

53. Defendant Does embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and, in fact, caused Decedent Tarver to suffer extreme and severe mental and emotional distress, anxiety, terror and agony.

54. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant Does, pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorney's fees under U.S.C. §§ 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

### COUNT II: MUNICIPAL LIABILITY
### AGAINST DEFENDANT THE CITY OF DENTON

55. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

56. The customs, practices, and policies of the City of Denton were a moving force behind Defendant Does' violation of Darius Tarver's constitutional rights.

57. The City of Denton, through its failures addressed *supra*, deprived Darius Tarver of rights and privileges secured to him by the United States Constitution and by other laws of the United States.

58. The policymakers knew of the failures of the Denton Police Department as discussed herein but failed to take the necessary steps to rectify the failures and adequately protect the constitutional rights of the people of Denton.

59. These failures and the refusal to rectify them were the moving force behind the deprivation of Darius Tarver's constitutional rights.

60. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant the City of Denton pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, attorney's fees under U.S.C. §§ 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

Respectfully submitted,

**McEldrew Young Purtell Merritt**

By:    /s/ John J. Coyle
       John J. Coyle, Esq.
       S. Lee Merritt, Esq.*
       Daniel N. Purtell, Esq.*

       123 South Broad Street
       Suite 2250
       Philadelphia, Penn. 19109
       t: (215) 545-8800
       lee@mceldrewyoung.com
       dan@mceldrewyoung.com
       jcoyle@mceldrewyoung.com
       *Pro Hac Vice Petition Forthcoming*