IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN TARVER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 4:21-CV-00970-SDJ |
| | § | Jury Requested |
| CITY OF DENTON, TEXAS et. al., | § | |
|     Defendants. | § | |

### **DEFENDANT'S (City) MOTION TO DISMISS REPLY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant the City of Denton, Texas, who makes and files this Reply to Plaintiff's Response to the City's Motion to Dismiss[1] pursuant to F.R.C.P. 12(b)(6).  For same, Defendant would state unto this Honorable Court the following:

1.    Summary:   This case arises from the tragic shooting death of Darius Tarver on Jan. 21, 2020, in Denton, Texas.  The live pleading of Plaintiff herein is Plaintiff's Amended Complaint[2] Pursuant to 42 U.S.C. §1983, Plaintiff brings a claim for excessive force.[3]  Said claim is asserted as to the City on a theory of municipal liability.

2.    Statement of Issues:[4]

    a.   The Amended Complaint fails to adequately plead a Constitutional deprivation as required to proceed to a municipal liability claim.

    b.   The Amended Complaint fails to adequately plead a claim for municipal liability.

---

[1] Docket #10.
[2] *Id.*, # 5.
[3] *Id.*

DEFENDANT'S (City of Denton) RULE 12 MOTION TO DISMISS REPLY, NO. 4:21-CV-00970-SDJ.
Page 1

3. <u>Standard of review</u>: *To avoid dismissal*, Plaintiff must provide the <u>factual</u> grounds for entitlement to relief.[5]  *Detailed factual pleadings* are entitled to a presumption of truth (for the purpose of the motion) while *conclusory allegations* do *not* enjoy such a presumption.[6]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"[7]

4. To avoid dismissal, *plaintiff must plead specific facts, rather than mere conclusory allegations*, which would establish a right to recover.[8]  *Legal conclusions masquerading as factual allegations are not adequate to prevent dismissal*.[9] "The complaint must contain either direct allegations on *every* material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn" under the relevant legal theory.[10] "*The court is not required to 'conjure up unplead allegations or construe elaborately arcane scripts' to save [the] complaint.*"[11] Applying these standards, the Amended Complaint fails to adequately plead the asserted claim.

5. Plaintiff herein brings an excessive force claim based upon the unfortunate and tragic shooting death of his son who encountered Denton police officers on the date in question

---

[4] Local Rule 7(a)(1).

[5] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)*; See also, Swierkiewicz v. Sorema,* 534 U.S. 506, 514 (2002)*;  Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lefall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); *Hoshman v. Esso Standard Oil Co.*, 263 F.2d 499, 502 (5th Cir. 1959).

[6] *Ashcroft v. Iqbal, supra* 129 S .Ct. at 1949-50; *see also, Ferrer v. Chevron Corp*. 484 F.3d 776, 780 (5th Cir. 2007).

[7] *Ashcroft v. Iqbal, supra*, 129 S. Ct. at 1949, quoting *Twombly, supra*, 550 U.S. at 557.

[8] *Guiday v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[9] *Fernandez-Montez v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[10] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, Fed. Prac. & Proc.: Civil 2d §1216 at 156-59) (emphasis added).

6.      Before proceeding to municipal liability, Plaintiff must establish a Constitutional deprivation.[12]  The circumstances confronting the officers at the moment[13] the force was applied is not sufficiently pleaded; thus, the pleading before the Court is inadequate to meet this burden.[14]  Plaintiff pleads that decedent was acting irrationally resulting in a call to 911.[15] Plaintiff pleads that Defendant officers (and perhaps others?) confronted Plaintiff, armed with a frying pan,[16] on an external stairwell and that decedent "did not respond to the officers".[17] Plaintiff further pleads that decedent stood more than 15 feet from the officers, arms at his side, not moving and not threatening the officers.[18]  Plaintiff then pleads that decedent was tased and shot twice as the officers kicked away a 'knife' which had allegedly fallen from decedent's pants.[19]  The Amended Complaint fails to plead additional facts regarding the 'frying pan' or 'knife' at the scene, fails to plead the orders being shouted to decedent by the officers (orders apparently disregarded per the Amended Complaint.) and fails to plead the manner of death other than to claim death occurred "as a result" of the "assault".[20]   (The officers saw a meat cleaver in decedent's hand with which he cut and injured Officer Hernandez[21])   None of these matters are addressed in the Amended Complaint.

7.      Plaintiff *must* show that a Constitutional violation occurred; that a policy or custom

---

[11] *Id.* (quoting *Gooley v. Mobile Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (emphasis added)..
[12] *Monell v. Department of Social Services*, 436 U.S. 658, 692, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Bryan Co. v. Brown, infra*, 520 U.S. at 403.
[13] *Harris v. Serpas,* 745 F.3d 767, 772 (5th Cir. 2014).
[14] *See generally*, the Motions to Dismiss of Defendants found at docket entries 10 and 11 and the Reply filed contemporaneously herewith by the Individual Defendants.
[15] Amended Complaint, p. 4, docket #5.
[16] Defendants suggest that a 'frying pan' can be easily employed as a deadly weapon.  Regardless, no further allegations regarding the pan are found in the Amended Complaint.
[17] Amended Complaint, p. 4, docket #5.
[18] *Id*., pp. 4-5.
[19] *Id*., p. 5.
[20] *Id*.

existed; that the governmental policymakers knew of the alleged policy or custom; that the governmental policymakers were *deliberately indifferent* to the rights asserted by Plaintiff; *and* that the custom or policy served as the *moving force* behind the alleged deprivation.[22] Mere negligence is not sufficient for §1983 liability.[23] The deliberate indifference standard requires that the conduct of the policymaking official amounts "to an intentional choice, not merely an unintentionally negligent oversight."[24] Plaintiff bears the burden to establish that the alleged deprivation was <u>caused</u> by a Constitutionally deficient municipal policy which was the result of the deliberate indifference of an official with final policymaking authority for the City.[25] No factual allegations supporting these claims are found in the pleadings.

8.  For liability to attach to the City, an alleged deprivation must have been the direct result of a policy, practice or custom of the City involving deliberate indifference of a policymaking official.[26] Recovery from a City can occur "<u>only</u> when it can be fairly said that the city itself is the wrongdoer."[27] For the City to be a wrongdoer, Plaintiff must establish that "action pursuant to an official municipal policy of some nature caused a constitutional tort."[28] Cities are not liable for Constitutional violations *unless* those violations result *directly* from a municipal custom or

---

[21] Individual Defendants' Answer, pp. 6, 8.

[22] *Board of the County Commissioners of Bryan County*, *Oklahoma v. Brown*, [herein referenced as "*Bryan Co. v. Brown*"] 520 U.S. 397, 403-06, 117 S. Ct. 1382, 137 L.Ed.2d. 626 (1997); *Meadowbriar Home for Citicorp.*, 156 F.R.D. 138, 141 (S.D. Tex. 1994). *Children, Inc. v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1987) citing *Palmer v. City of San Antonio*, 810 F.2d 524, 5126 (5th Cir. 1987).

[23] *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 759 (5th Cir. 1993).

[24] *Rhyne v. Henderson County,* 973 F.2d 386, 392 (5th Cir.1992), quoted by *James v. Harris County.*, 577 F.3d 612, 617–18 (5th Cir. 2009).

[25] *Eugene v. Alief Independent School District*, 65 F.3d 1299, 1304 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1680 (1996).

[26] *Bryan Co. v. Brown, supra*, 520 U.S. at 404.

[27] *Gonzalez v. Ysleta Independent School District*, 996 F.2d 745, 755 (5th Cir. 1993) (emphasis added) citing *Collins v. City of Harker Heights,* 503 U.S. 115, ——, 112 S. Ct. 1061, 1067, 117 L.Ed.2d 261 (1992).

[28] *Jett v. Dallas Independent School District*, 491 U.S. 701, 729, 109 S. Ct. 2702, 105 L.Ed.2d 598 (1989)

policy.[29] *A policy or custom cannot be inferred merely because harm allegedly resulted from some action of a police officer.*[30] Plaintiff must identify: "(1) a policy (2) of the City's policymaker (3) that caused (4) the plaintiff [here, decedent] to be subjected to a deprivation of [the stated] constitutional right."[31] It is therefore "clear that municipal liability is limited to action for which the *municipality* is actually *responsible* … that is, acts which the municipality has officially sanctioned or ordered."[32] An alleged inadequacy of a municipal policy *must amount to an intentional choice, not merely an unintentional or negligent oversight*, to avoid municipal liability from collapsing into *respondeat superior* liability.[33] Further, "The policy or custom must be the moving force of the constitutional violation."[34]

9. Additionally, Plaintiff must establish the deliberate indifference of the policymaker allegedly involved.[35] A local unit of government can be liable under §1983 *only* if its policy, practice or custom "reflects deliberate indifference to the risk that a violation of a particular

---

quoting *Monell, supra*, 436 U.S. at 691.
[29] *See, e.g., City of Canton, Ohio v. Harris,* 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989); *Conner v. Travis County,* 209 F.3d 794, 796 (5th Cir.2000).
[30] *See, Colle v. Brazos County, Tex.*, 981 F.2d 237, 245 (5th Cir. 1993). *See also, City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820-824, 105 S. Ct. 2427, 85 L.Ed.2d 791 (1985).
[31] *Palmer v. City of San Antonio, Texas,* 810 F.2d 514, 516 (5th Cir.1987) quoting *Grandstaff v. City of Borger, Texas,* 767 F.2d 161, 169 (5th Cir.1985), *cert. denied,* 480 U.S. 916, 107 S .Ct. 1369, 94 L.Ed.2d 686 (1987), abrogated on other grounds, *Leatherman v. Tarrant County Narcotics Intelligence Unit,* 507 U.S. 163, 167, 113 S. Ct. 1160, 122 L.Ed.2d 517 (1993) (emphasis added); *see also*, *Lopez v. Houston Independent School District*, 817 F.2d 351, 354 (5th Cir. 1987) (overruled on other grounds, *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995)): *MacDonald v. City of Freeport*, 834 F. Supp. 921, 934 (E.D. Tex. 1993).
[32] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S. Ct. 1292, 89 L.Ed.2d 452 (1986) (emphasis added).
[33] *Bryan County v. Brown, supra*, 520 U.S. at 409-410. *See also, Hare v. City of Corinth, Miss.*, 74 F.3d 633 (5th Cir. 1996); *Colle v. Brazos City, Texas*, 981 F.2d 237, 245 (5th Cir. 1993).
[34] *Palmer v. City of San Antonio*, *supra* at 516 (5th Cir. 1987) (quoting *Monell*, 436 U.S. at 634) (abrogated on other grounds by *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1997)) (emphasis added).
[35] *Bryan Co. v. Brown., supra.* at 410.

constitutional or statutory right will follow the decision."[36] "Only those municipal officers who have final policy making authority may by their actions subject the government to §1983 liability."[37] This record lacks any factual pleading, as opposed to raw conclusions, which would support deliberate indifference by any alleged final policy maker which in any way caused the shooting in question. Plaintiff has the burden to plead *specific facts* which would establish more than a mere possibility of municipal liability. Plaintiff must show (1) a municipal policy (2) attributable to the city's final policy-maker (3) which was the moving force of a deprivation of a (4) federal constitutional right.[38] This requires a showing "'that an official policy or custom' of the [city] was a cause in fact of the deprivation of rights inflicted."[39] *Plaintiff therefore bears the burden to factually plead the City caused this shooting and the jurisprudence cited herein establishes the manner in which that burden must be fulfilled.* On p. 4 of his Response,[40] Plaintiff concedes his burden to plead a municipal liability claim requires him to plead "past incidents of misconduct…multiple harms ….. involvement of multiple officials" in the alleged past misconduct … or… the specific topic"[41] of the policy or training challenged. The record in this case simply lacks specific factual pleading supporting these matters.

10. Plaintiff relies upon the "custom and practice" theory of municipal liability when he alleges "the unnecessary force"[42] "resulted from…a…training failure".[43] No express policy is

---

[36] *Id.,* at 397.
[37] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123, 108 S. Ct. 915, 99 L.Ed.2d. 107 (1988) (emphasis added) citing *Pembauer, supra*, 105 S. Ct. at 1300.
[38] *See, Lopez v. Houston Independent School District*, *supra* at 354; *MacDonald v. City of Freeport*, 834 F. Supp. 921, 934 (E.D. Tex. 1993).
[39] *Leffall v. Dallas Ind. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) citing *Monell, supra*, 98 S. Ct. at 2036.
[40] Docket #21.
[41] *Id.*, p. 4.
[42] Amended Complaint, docket #5, p. 6.
[43] *Id.*

alleged.

11. The alleged implied policy claimed by Plaintiff must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result."[44] Deliberate indifference is a standard more stringent than negligence or even gross negligence.[45] "These requirements [causation and deliberate indifference] must not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability.'"[46] Plaintiff relies upon a claim that alleged (and unspecified) practices and customs of the City led to the use of force in question.[47] In his response, Plaintiff relies upon a training theory[48] to argue municipal liability, apparently abandoning other possible theories.[49] The training claim requires Plaintiff to show: "1) the [City] failed to train or supervise the officers involved; 2) there is a *causal connection* between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.'"[50] No such factual allegations are found in this record. *Significantly,* the meeting of state standards by a City training program means there can be no liability unless the plaintiff shows "that this legal minimum of training was inadequate...."[51] No such pleading as to the

---

[44] *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004).

[45] *Bryan Co. v. Brown., supra.*, 520 U.S. at 407.

[46] *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (alteration in original) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., v. Brown*, 520 U.S. 397, 415 (1997)).

[47] Amended Complaint, docket # 5, p. 6.

[48] Docket #20, pp. 6-7.

[49] "A party who inadequately briefs an issue is considered to have abandoned the claim." *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) citing *Villanueva v. CNA Ins. Cos.,* 868 F.2d 684, 687 n. 5 (5th Cir.1989).

[50] *Pena v. City of Rio Grande City*, 879 F.3d 613, 623 (5th Cir. 2018) citing *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001) (emphasis added); *Sanders-Burns v. City of Plano*, 594 F.3d. 366, 381 (5th Cir. 2010).

[51] *Benavides v. Cnty. of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992); *see also*, *Livezey v. City of Malakoff*, 657 F. Appx 274, 278 (5th Cir. 2016) unpublished.

specifics or any alleged inadequacy of State training standards exists on this record. For lack of factual allegations supporting this essential element (a practice or custom in training), the Complaint fails to state a claim for which relief can be granted.

12. Plaintiff bears the burden to factually plead that the City caused an alleged excessive use of force.[52] This record simply lacks the specific factual pleading required to fulfill that burden.

13. The only prong of municipal liability upon which Plaintiff relies is an alleged failure to train.[53] Liability may only be imposed for failure to train when that failure "reflects a 'deliberate' or 'conscious' choice by a municipality."[54] No such factual allegations, as opposed to raw conclusory claims, are found in this record. Failure to train claims "can only yield liability against a municipality where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants."[55] No such factual allegation is found in the Amended Complaint in this case. Plaintiff seems to contend that the City is liable for the officers' conduct because it engaged in an alleged, *and unspecified*, policy or custom of failing to adequately train its police officers, which supposedly led to an alleged use of excessive force. This record lacks specific factual allegations supporting these conclusory claims. The record also lacks any factual allegation that the City or any City policymaker deliberately chose any inadequate training program. "[T]he inadequacy of police training may serve as the basis for § 1983 liability *only* where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."[56] Plaintiff must factually allege that "it must have been obvious

---

[52] *Sanders-Burns v. City of Plano*, 594 F.3d. 366, 382 (5th Cir. 2010); *See Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir.1996); *see also, Pineda v. City of Houston,* 291 F.3d 325, 332 (5th Cir. 2002).
[53] Response, docket #20, pp. 6-8.
[54] *City of Canton v. Harris*, 489 U.S. 933, 109 S. Ct. 1197, 1206, 103 L.Ed.2 924 (1989).
[55] *Id.*
[56] *Canton v Harris, supra,* 489 U.S. at 388, 109 S. Ct. at 1204 (emphasis added). 92 *Peterson v. City of Ft.*

that 'the *highly predictable consequence* of not training' its officers was that they 'would apply force in such a way that the Fourth Amendment rights of [citizens] were at risk.'"[57] Further, <u>a training claim requires specifics as to how a particular training program is alleged to be inadequate</u>.[58] Again, this record lacks such specific factual pleadings which would permit Plaintiff to meet his pleading burden on this theory.

14. In order to fulfill his pleading burden, Plaintiff must support with specific factual pleadings the elements of municipal liability discussed herein. However, the single lawsuit upon which Plaintiff relies in an attempt to plead a practice or custom does not meet any of the requirements of *numerosity, similarity and specificity*.[59] Additionally, the excessive force claim against the individual officers in that single lawsuit has now been dismissed.[60] In order to show the "deliberate indifference" of a municipality, Plaintiff must prove that the alleged Constitutional harm was a "plainly obvious consequence" of the municipality's alleged action.[61] It bears repeating - *there is no factual allegation in this record sufficient to fulfill Plaintiff's pleading burden on any claim that any deliberate conduct of the City, i.e., the deliberate indifference of an official with final policymaking authority, caused any harm alleged by Plaintiff herein*. There is no allegation of any action or knowledge on the part of any official with final policymaking authority which could support an inference that the alleged deprivation was the *plainly obvious consequence* of any such action or knowledge. There is no specific factual

---

*Worth*, 588 F.3d 838, 849 (5th Cir. 2009) citing *Brown v. Bryan Co., Okla.,* 219 F.3d 450, 461 (5th Cir.2000) (emphasis added).
    [57] *Peterson v. City of Ft. Worth*, 588 F.3d 838, 849 (5th Cir. 2009) citing *Brown v. Bryan Co., Okla.,* 219 F.3d 450, 461 (5th Cir.2000) (emphasis added).
    [58] *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).
    [59] *Peterson v. City of Ft. Worth*, 588 F.3d 838, 851 (5th Cir. 2009).
    [60] *See*, Court's docket, # 4:17-CV-00811, docket # 119; thus, there will be no municipal liability claim in that case since the Court has dismissed the underlying alleged Constitutional deprivation.

allegation in this record that any particular policy, practice or custom of the City caused harm under the principles presented herein. In addition, there is no specific factual allegation, as opposed to mere conclusory claims, in this record that any alleged policy, practice or custom of the City was the "moving force" behind any alleged Constitutional violation. Further, there is no allegation – factual or otherwise -- in this record that the alleged Constitutional harm was a "plainly obvious consequence" of any City policy, practice or custom or of any decision by any policymaking official of the City. Plaintiff's claim cannot survive the City's motion without factual allegations of actual or constructive knowledge of a practice or custom attributable to the governing officials who have final policymaking authority.[62]

15. Identification of a City's final policymaker for purposes of analyzing liability under 42 U.S.C. §1983 is a legal question for the court.[63] "Whether a particular official has 'final policy making authority' is a question of state law".[64] This record contains no specific factual allegations of deliberate indifference by any policymaker(s) (alleged or otherwise) for the City. There is no allegation that the City's governing body promulgated any ordinance or policy statement commanding or compelling its police officers to commit the acts alleged by Plaintiff. The allegations in this record lack any factual support for any alleged knowledge of the City council or any alleged policymaker of any purported unlawful practice or custom. Thus, there is no factual allegation on this record as to any alleged deliberate indifference of any the City's policymaking officials – actual or alleged. Clearly, such deliberate

---

[61] *Bryan Co. v. Brown, supra,* 520 U.S. at 407.
[62] *See, Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir.) (*per curiam*), *aff'd in relevant part on rehearing,* 739 F.2d 993 (5th Cir.1984) (*en banc*); *Languirand v. Hayden,* 717 F.2d 220, 227-28 (5th Cir.), *reh'g denied,* 721 F.2d 819 (1983), *cert. denied,* 467 U.S. 1215 (1984).
[63] *Jett v. Dallas Independent School District,* 491 U.S. 701, 737 (1989).
[64] *Id.* (citations omitted*).*; and *City of St. Louis v. Praprotnik*, *supra*, 485 U.S. at 123.

indifference did not exist.

16. The Amended Complaint is replete with conclusory allegations which need not be accepted[65] and which are lacking in factual support. It alleges a failure to train without facts.[66] It alleges the police chief and individual City Council members are City policymakers without factual support.[67] In support of his Fourth Amendment force claim, Plaintiff pleads that decedent had a frying pan in his hand,[68] but fails to allege what *else* was in decedent's hand. The Officers' qualified immunity pleading references the meat cleaver also held in decedent's hand with which decedent injured Officer Hernandez.[69] The Amended Complaint further claims a "continued use of excessive force against black people."[70] with no factual support whatsoever. It goes on to allege the Denton PD has failed to train officers that they may not fire their Taser when there is no threat.[71] Again, the Amended Complaint lacks factual support for this conclusory allegation of failure. The conclusory training claim simply lacks factual support in the pleadings. There is no allegation as to the training provided or how that training resulted in this alleged use of force. Put simply, Plaintiff seeks to pursue a claim of municipal liability based solely upon wishful speculation as illustrated by the conclusory allegations presented in support of that claim.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that all claims as to the City be dismissed; that judgment in favor of this Defendant be issued as to said claims, and; that Defendant go hence without day and recover costs in this behalf expended. Defendant

---

[65] N. 9, *supra*.
[66] Docket #5, pp. 2, 6.
[67] *Id*.
[68] *Id*., p. 4
[69] Individual Defendant's Answer, docket # 17, pp. 6, 8.
[70] Docket #5, pp. 5-6.

further prays for such other and further relief, both general and special, to which it may be justly entitled.

        Respectfully submitted,

        By **/s/ Joe C. Tooley**
          State Bar No. 20129750
        510 Turtle Cove, Suite 112
        Rockwall, Texas 75087
        (972) 722-1058
        (972) 722-1070 (Facsimile)
        Joe@Tooleylaw.com

        ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel for Plaintiffs in accordance with the Federal Rules of Civil Procedure, as modified by this Court's ECF Orders, on this 21ST day of February, 2021.

        **/s/ Joe C. Tooley**

---

[71] *Id.*, p. 6.